IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**DAVID COITO**,                                                    Civ. No. 6:12-CV-00795-CL

               Plaintiff,

                                  **REPORT & RECOMMENDATION**

     v.

**CAROLYN W. COLVIN**, Commissioner,
Social Security Administration

               Defendants.

---

CLARKE, Magistrate Judge.

     Plaintiff David Coito ("Coito") seeks judicial review of the Social Security

Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's

decision should be AFFIRMED.

## BACKGROUND

David Coito was born on December 25, 1971, and he was thirty-four years old on December 31, 2005, his date last insured (DLI). Tr. 886, 1174. He has at least a high school education. Tr. 82. He has past relevant work experience as a machine shop production worker or fabricator and as a ceramic worker/tile finisher. Tr. 76, 1109, 1246. Coito alleges disability beginning December 31, 2000, when he was twenty-nine years old, based on posttraumatic stress disorder, his right and left knees, and a heart condition. Tr. 75.

Coito's application for Social Security Disability Income (SSDI) was denied at initial and reconsideration levels. Tr. 32-34, 36-40. He requested a hearing before an Administrative Law Judge (ALJ) which the ALJ held on April 18, 2007. Tr. 1033-35. The ALJ denied Coito's claim for SSDI benefits, and Coito filed an appeal to the Appeals Council. Tr. 6-9. The Appeals Council remanded for correction of error and directed the ALJ to reevaluate Coito's credibility and the credibility of his parents, and reassess the medical evidence and opinion of Beverly Young, M.D. and the Veterans Affairs' decision to grant Coito a 100% service connected disability. Tr. 1113.

On October 20, 2010, an ALJ held a second hearing for Coito. Tr. 1212-14. The ALJ denied Coito's claim on November 19, 2010. Tr. 1095-1111. The Appeals Council upheld the determination on February 28, 2012, which became the final decision of the Commissioner of Social Security. Tr. 1992. Coito appeals from this decision.

## DISABILITY ANALYSIS

The Commissioner engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. Id.

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled. Id.

Next, if adjudication continues beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p.

At step four, the ALJ uses the RFC assessment to determine if the claimant can perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. Id. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work, the ALJ proceeds to step five. Id.

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(g); 416.920(a)(4)(v); 416.920(f); Yuckert, 482 U.S. at 142; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). If the claimant can perform such work, she is not disabled. Id.

The initial burden of establishing disability rests upon the claimant. Tackett, F.3d at

1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's [RFC], age, education, and work experience." Id. at 1100. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g): 404.1566; 416.920(g); 416.966.

## THE ALJ'S FINDINGS

At step one, the ALJ determined that Coito did not engage in substantial gainful activity during the period from his alleged onset date of December 31, 2000 through his DLI of December 31, 2005. Tr. 1100. At step two, the ALJ found that at Coito's DLI, he had the following severe impairments: bilateral patellofemoral joint dysfunction and chondromalacia, the left greater than the right; dysthymia; history of posttraumatic stress disorder; and a personality disorder with antisocial, borderline and narcissistic traits. Tr. 1100. At step three, the ALJ found that Coito did not have an impairment or combination of impairments that met or equaled one of the impairments in the Listings of Impairments. Tr. 1102. The ALJ then determined Plaintiff's residual functional capacity. The ALJ found that:

> Through the date last insured, the claimant had bilateral patellofemoral joint dysfunction and chrondromalacia that limited him to the performance of light work as defined in 20 CFR 404.1567(b) except for lifting and/or carrying frequently 10 pounds [to] 20 pounds ; standing, walking and or/sitting each six hours, occasionally climbing stairs, ramps, balancing, stooping, kneeling, crouching and crawling; never climbing ropes, ladders or scaffolds. His dysthymia, history of posttraumatic stress disorder and personality disorder further limit him to performing, understanding and carrying out instructions for unskilled tasks (routine repetitive tasks) that do not require more than occasional brief interaction with coworkers; no interaction with the public, and no cooperative effort or teamwork with coworkers.

Tr. 1102-1103.

At step four, the ALJ found that Coito was unable to perform any past relevant work. Tr. 1109. At step five, the ALJ found that Coito was not disabled because he could perform other work existing in significant numbers in the national economy in representative occupations such as an assembler and a bakery worker. Tr. 1110.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" is "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193.

## ANALYSIS

Coito challenges the final decision, claiming that the ALJ erred by (1) failing to base his findings regarding Coito's mental limitations on substantial evidence of record; (2) failing to give adequate weight to the opinion of Dr. Young; and (3) by failing to sustain his burden at step

five of the sequential evaluation process of proving that there is other work in the national economy that Coito can perform.

## I. The ALJ's findings regarding Coito's mental functional capacity are supported by substantial evidence.

An ALJ must have substantial evidence to support their decision. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003)   While an ALJ's decision must be supported by substantial evidence, they are not required to "'discuss every piece of evidence.'" Id. at 1012 (citations omitted).  Furthermore, evidence that is contradictory does "does not preclude a finding that the claimant is not disabled." Id. (citing Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). However, the substantial evidence must be taken from the entire record "without isolating a specific quantum of supporting evidence." Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975).

The ALJ found that Coito's dysthymia, history of posttraumatic stress disorder and personality disorder limit him to unskilled tasks "that do not require more than occasional brief interaction with coworkers; no interaction with the public; and no cooperative effort or teamwork with coworkers." Tr. 1103.  In making his determination, the ALJ made "careful consideration of the entire record." Tr. 1102.  In particular, he "gave great weight to the opinions of reviewing State Agency physicians and evaluating physician Raymond P. Nolan, M.D., PhD., because their nearly identical work capacity assessments are consistent with the full record." Tr. 1103. Important to the ALJ's decision was evidence from several physicians that Coito did not have symptoms of posttraumatic stress disorder and was instead malingering. Tr. 1105-07. The ALJ

noted that "Dr. Bryant found no symptoms to support a diagnosis of posttraumatic stress disorder," and "D. Rose Marie Reynolds, Ph.D. . . . concluded he was not reliable because he exaggerated symptoms." Tr. 1106. The ALJ also noted that "Dr. Castillo stated: 'the claimant appears to have a pattern of exaggerating his symptoms,' and that 'Dr. Reagan stated, "I cannot make any diagnoses at this time other than malingering and anti-social traits.'" Tr. 1006. The ALJ emphasized that several physicians reported that Coito appeared to be malingering and he wrote, "[I]t is highly unlikely that nine evaluating and/or treating psychiatrists, psychologists and mental health specialists would misdiagnose the claimant's obvious malingering, evasiveness and benefit-seeking behavior." 1107.

Coito argues that the ALJ relied on his findings by isolating a specific quantum of supporting evidence, and points to evidence that he believes should be given more weight. However, the ALJ is responsible for determining evidence's credibility and probative value. See Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982). Even if the evidence is susceptible to a separate rational interpretation than the ALJ's finding, it does not negate the fact that the ALJ's finding is supported by substantial evidence. See Morgan, 189 F.3d at 599. Similarly, Coito disagrees with the ALJ's assertion that Coito's symptoms are helped by medication. However, the ALJ supported this statement with substantial evidence, including both the finding of Dr. Castillo that, "with compliance in taking medications [Coito] had no limitations on his ability to interact with supervisors, or public and co-workers for that matter," as well as Coito's own assertion that he was capable of getting along with supervisors and co-workers while he was taking medication. Tr. 1103-04.

The ALJ noted that the VA had rated Coito 100% disabled, but found the rating was problematic because it "fail[ed] to meaningfully address the credibility of the claimant's

presentation, specifically the possibility that he has been exaggerating symptoms and events for purposes of secondary gain." Tr. 1104. In declining to give the VA rating special weight, the ALJ properly noted that "'an ALJ must ordinarily give great weight to a VA determination of disability.'" Tr. 1104 (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). However, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. Here the ALJ found "the VA rating decisions ignored the claimant's lack of credibility throughout VA compensation evaluations and treatment records." Tr. 1105. The ALJ emphasized that several physicians involved in the VA rating found Coito did not have a diagnosis of posttraumatic stress disorder and that he was likely malingering. Tr. 1105-06. While some physicians diagnosed Coito with posttraumatic stress disorder, the ALJ emphasized that "they did not have the benefit of review of the above record exposing the claimant's deliberate habitual exaggeration and overt secondary gain motivation." Tr. 1107.

Because the ALJ carefully considered the entire record, provided detailed reasons for his decision, emphasizing evidence of malingering from nine physicians, his findings regarding Coito's mental capacity is supported by substantial evidence.

## II. The ALJ gave adequate weight to the opinion of Dr. Young.

Coito argues that the ALJ failed to give adequate weight to the opinion of Beverly Young, M.D. Dr. Young is a treating physician of Coito, and therefore an ALJ must provide specific and legitimate reasons for rejecting her opinion. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). If the opinion of a treating physician such as Dr. Young is contradicted by another physician, the ALJ can reject the opinion by providing specific and legitimate reasons supported by substantial evidence in the record. Id., at 830-831. An ALJ may also reject the opinion of a

treating physician if it is unsupported by the record as a whole or by objective medical findings. Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). Similarly, an ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 602-03 (9th Cir. 1999).

In the present action, the ALJ did not include Dr. Young's opinion because "[h]er opinion is inconsistent with the overall record and the lack of valid findings." Tr. 1107. The record shows that seven doctors believed Coito did not have a diagnosis of posttraumatic stress disorder and they found that many of his symptoms were somatic or the result of malingering. See Tr. 1106-07. In contrast, Dr. Young diagnosed Coito with posttraumatic stress disorder. Tr. 981. Because Dr. Yong's diagnosis is contradicted by seven other doctors, the ALJ's decision to reject Dr. Young's opinion is supported by substantial evidence in the record.

The ALJ also rejected Dr. Young's opinion because "she put forth no rationale of why [Coito] could not work." Tr. 1107. Dr. Young stated, "[Coito] is not capable of competitive employment." Tr. 972. However, Dr. Young presented no rationale for this conclusion. See Tr. 972. When a treating physician presents no support for an opinion, the opinion is entitled to little, if any weight. Holohan v. Massanari, 246 F.3d 1195, 1202-03, n.2 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(3)). Dr. Young stated Coito would not be capable of competitive work, solely due to his diagnosis. Tr. 972. However, "the mere existence of an impairment is insufficient proof of a disability." Mathews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993).

Finally, the ALJ rejected Dr. Young's opinion because it was "improperly based on self assessment." Tr. 1107. Important to the ALJ's opinion was the evidence throughout the record of malingering. See Tr. 1104. Therefore, the ALJ's exclusion of Dr. Young's opinion because of improper use of self assessment was based on a specific and legitimate reason. Lester, 81

F.3d at 830.

Coito argues that the ALJ selectively analyzed the record in order to justify the exclusion of Dr. Young's opinion. However, because the ALJ presented the specific and legitimate reasons mentioned above, he met his burden in deciding to reject the opinion of Dr. Young. See Id.

The ALJ erred by not presenting specific and legitimate reasons to exclude Dr. Young's opinions from March 31, 2006 (March Opinion) and April 16, 2007 (April Opinion). That error is harmless and therefore does not require reversal. An error is considered harmless if it does not affect the outcome of the case. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). In the March Opinion, Dr. Young stated that Coito would not be able "to work competitively." Tr. 981. In the April Opinion Dr. Young stated that Coito would not be able "to maintain competitive employment." Tr. 173. Both of these statements are virtually identical Dr. Young's opinion from October 25, 2006. Tr. 972 ("[Coito] is not capable of competitive employment."). The ALJ rejected that opinion in part because Dr. Young presented no rationale for her conclusion. Tr. 1107. The March and April Opinions similarly lack any rationale for their conclusions and therefore would not have affected the outcome of the case. See 173, 981. Because the error to not present specific and legitimate reasons to exclude the March and April Opinion did not affect the outcome of the case, it is a harmless error and does not require reversal. See Parra 481 F.3d at 747.

**III. The ALJ met his burden at step five of the sequential evaluation process.**

When an ALJ poses a hypothetical to a vocational expert, it must be "based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." Osenbrock v. Afpel, 240 F.3d 1157, 1164 (9th Cir. 2001). Furthermore, an ALJ is

"free to accept or reject restrictions not supported by substantial evidence." Id. Coito argues that the ALJ failed to meet his burden at step five because he posed an incomplete hypothetical to the vocational expert. Specifically, Coito claims that the ALJ should have included (1) a limitation of missing more than one day of work per month and (2) an inability to respond appropriately to employers' criticism and instruction.

During the first hearing, the vocational expert indicated that an employee cannot usually meet competitive standards of employment if they need to miss more than one day of work on a regular monthly basis. Tr. 1090. Coito argues, therefore, that the ALJ should have included this limitation in the hypothetical because Coito has spent several days in the hospital and in outpatient treatment. In Brewes v. Comm'r of Soc. Sec. Admin, the Ninth Circuit granted disability benefits based on the limitation that the claimant would need to miss multiple days of work per month. 682 F.3d 1157 (9th Cir. 2012). Unlike the present case, the claimant in Brewes presented a letter from the claimant's psychologist and medical nurse practitioner stating the claimant would likely have to miss multiple days of work per month. Id. at 1163. The mere fact that Coito has required hospitalization, however, does not constitute substantial evidence that he would need to miss more than one day of work for medical reasons on a monthly basis. Because this limitation is not supported by the record, the vocational expert's opinion on the limitation has "no evidentiary value." Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). Therefore the ALJ did not err by excluding this alleged limitation in the hypothetical.

On October 20, 2010 the vocational expert testified that an individual who had a marked limitation in their ability to interact with supervisors would not be able to maintain employment. Tr. 1251. Coito argues that the ALJ's hypothetical should have included this limitation. This limitation however, was based on the opinion of Dr. Reagan, which the ALJ properly rejected.

Tr. 1103. Specifically, the ALJ rejected Dr. Reagan's opinion because it was inconsistent with the record, its Axis 1 diagnosis included probable malingering, Coito as well as a reviewing doctor testified he was able to properly interact with supervisors when he took medication, and Coito was able to attend Mt. Hood Community College for two years. Id. Because the ALJ properly rejected Dr. Reagan's opinion, he was not required to incorporate it in determining Cotio's limitations. See Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

Because the limitation that Coito miss more than one day of work each month is not supported by the record, and the limitation that Coito has a marked limitation in ability to interact with supervisors was based on the properly discounted testimony of Dr. Reagan, the ALJ was not required to include these limitations in his discussion.

### RECOMMENDATION

For the reasons stated above, the ALJ's determination was supported by substantial evidence. Thus, the ALJ's decision should be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of August, 2013.

_____
MARK D. CLARKE
United States Magistrate Judge